UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Bruce George Peck,                            Civil No. 12-2991 (DSD/LIB)

         Petitioner,

v.                                            **REPORT AND RECOMMENDATION**

State of Minnesota,

         Respondent.

---

       This matter is before the Court upon Bruce George Peck's (Petitioner) Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the Petition be denied and that this action be dismissed with prejudice.

I.    **BACKGROUND**

       At the time he filed his Petition, Petitioner was a prisoner confined at the Lino Lakes Minnesota Correctional Facility in Lino Lakes, Minnesota. (Pet. for Writ of Habeas Corpus [Docket No. 1] at 2).[1] He was serving a 33-month sentence for burglary and a concurrent 24-month sentence for forgery imposed in Crow Wing County, Minnesota. (Id.)

---

[1] In its motion to dismiss, Respondent summarily stated that "Petitioner is not in custody, neither state nor federal," and "[a]s the Petitioner is not being restrained by anyone, there is no one to whom to issue the Writ." (Mem. of Law in Supp. of Respondent's Mot. to Dismiss [Docket No. 9] at 1). The question of whether a habeas petitioner is in custody is a threshold question. See 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989). However, Respondent's conclusory statements, without any supporting affidavits or further statement to further explain why Respondent believes Petitioner is not "in custody," are wholly inadequate to inform the Court as to Respondent's argument regarding this threshold question. What's even more confusing about Respondent's argument that Petitioner is not in custody is that Respondent's certificate of service regarding Respondent's motion states that copies of Respondent's materials regarding the motion were mailed to Petitioner's address at the Minnesota Correctional Facility in Lino Lakes. (See Docket No. 10).

1

On December 12, 2012, the Court issued an order requiring Respondent to file a response to the Petition or a motion to dismiss, if it believed that Petitioner failed to exhaust all of his available state-court remedies. (See Order [Docket No. 4] at 2). If Respondent chose to file a motion to dismiss, the Court specifically directed Respondent to: "fully explain (a) which of Petitioner's claims have not been fairly presented to the state courts, and (b) whether there is any state court remedy still available for any claims that have not been fairly presented to the state courts." (Id.) The Court also advised Petitioner that if he wished to file a reply to Respondent's response or motion to dismiss, he must do so within 30 days after the date when the answer or motion to dismiss is filed.

On January 9, 2013, Respondent filed a motion to dismiss, asserting that Petitioner had failed to exhaust all of his available state-court remedies. (See Docket Nos. 8-10). To date, Petitioner has not filed any response to the motion to dismiss.

## II. DISCUSSION

Reading Petitioner's pro se Petition liberally, as the Court must, Petitioner appears to challenge his conviction on three bases: 1) he received ineffective assistance of trial counsel; 2)

---

Regardless, the Court is satisfied that Petitioner has satisfied the custody requirement. The Petitioner specifically alleged in his Petition that he was confined at the Lino Lakes Minnesota Correctional Facility, and the envelope in which the Petition was mailed demonstrates that it was mailed from the Lino Lakes Minnesota Correctional Facility. (See Pet. for Writ of Habeas Corpus [Docket No. 1] at 2, 21). As is well-established, when determining whether a petitioner is "in custody," the Court looks to the date of the filing of the habeas petition. See Maleng, 490 U.S. at 490-91; Weaver v. Phung, 925 F.2d 1097, 1099 (8th Cir. 1991); Mohammad v. Heston, 542 F. Supp.2d 949, 952 (E.D. Mo. Sept. 24, 2007). Respondent has offered no explanation whatsoever for why it believes Petitioner was not "in custody" at the time he filed his Petition. The Court has checked the Minnesota Department of Corrections offender records, available to the public, and it appears that Petitioner was confined until December 10, 2012, at which time he was released on "Supervised Release." See Offender Information, http://www.doc.state.mn.us/publicviewer/Inmate.asp?OID=234467 (last visited April 29, 2013).

Furthermore, in addition to the fact that it appears Petitioner was physically confined at the time he filed his Petition, the Supreme Court has previously held that even though a petitioner may not necessarily be physically confined, being subject to parole terms is sufficient to satisfy the "in custody" requirement. See Maleng, 490 U.S. at 491. Thus, the Court need not seek further explanation from Respondent, as it appears that Petitioner plainly satisfies the "in custody" requirement.

his burglary conviction is not supported by sufficient evidence; and 3) his forgery conviction is not supported by sufficient evidence.[2]

### A. Petitioner's claim for ineffective assistance of trial counsel

Petitioner asserts that his trial counsel "did not present any evidence on [his] behalf, which was available to disprove the state's case." (Pet. for Writ of Habeas Corpus at 5). He also asserts that his trial counsel failed to adequately prepare and failed to effectively cross-examine some of the witnesses who testified. (Id. at 6-8). Although he had the assistance of an attorney in his appeal to the Minnesota Court of Appeals, Petitioner acknowledges that he failed to raise this claim in his appeal. (Id. at 9). He argues that he did not do so because his appeals counsel would not agree to raise it, which Petitioner asserts was because of the appeals attorney's affiliation with Petitioner's trial counsel. (Id.)

Respondent argues that Petitioner's ineffective assistance of trial counsel claim is not only unexhausted but also procedurally defaulted and must be summarily dismissed. (Mem. of Law in Supp. of Respondent's Mot. to Dismiss [Docket No. 9] at 2-3). For the reasons that follow, the Court agrees.

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the

---

[2] Petitioner also made a mere passing mention in his pleadings that he sought to challenge counts 7, 8, 10, and 11. For all of the reasons set forth below in the Court's discussion regarding Petitioner's ineffective assistance of counsel claim, any claims challenging these convictions appear to be unexhausted and procedurally defaulted. (Pet. for Writ of Habeas Corpus [Docket No. 1] at 17-19). More importantly, however, from the Minnesota state court public records, it appears that counts 10 and 11 were dismissed and no sentence was imposed for counts 7 and 8. The only counts for which a sentence was imposed were 9, and 2 through 6. Counts 3-6 were reversed by the Minnesota Court of Appeals, and thus, the only counts for which an active sentence remains are counts 9 and 2: his convictions for burglary and forged document related to a pickup truck.

principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal law errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988). To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present all of his federal law claims to the highest available state court before seeking habeas corpus relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("[B]efore we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court").

When a state prisoner fails to exhaust his state court remedies for a claim, and state procedural rules preclude any attempt to satisfy the exhaustion requirement for that claim, then the claim is not unexhausted, but rather "procedurally defaulted." Coleman v. Thompson, 501 U.S. 722, 729-32 (1991). Thus, if a state court remedy remains, courts classify a previously unraised habeas claim as "unexhausted," but if state court remedies are no longer available, the exhaustion requirement is satisfied. Armstrong v. Iowa, 418 F.3d 924, 926 (8th Cir. 2005). However, "the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence,'" and the claim is procedurally defaulted. Id. (internal citations omitted).

As already noted, Petitioner acknowledges that he failed to raise the claim of ineffective assistance of trial counsel in his state court appeals. Minnesota courts have "consistently held that a claim raised on direct appeal will not be considered upon a subsequent petition for postconviction relief." Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). Additionally,

4

Minnesota precludes relief for "all claims known but not raised by the defendant . . ." at the time of the direct appeal. Carney v. State, 692 N.W.2d 888, 891 (Minn. 2005).

This Court has previously held that the failure to raise an ineffective assistance of counsel claim all the way through the Minnesota Supreme Court, when the Petitioner knows of the facts underlying the claim, results in the claim being procedurally defaulted for purposes of a § 2254 habeas petition. See Vance v. King, No. 08-4756 (ADM/SRN), 2009 WL 294361, at *5 (D. Minn. Feb. 5, 2009); McCarthy v. State of Minnesota, No. 04-2995 (JRT/SRN), 2005 WL 388611, at *2 (D. Minn. Feb. 10, 2005); Gail v. Dingle, No. 08-404 (JMR/JSM), 2008 WL 5382293, at *5-6 (D. Minn. Dec. 22, 2008). Here, Petitioner was certainly aware of the facts underlying his ineffective assistance of trial counsel claim, as he asserts that he wanted to raise the claim but his appeals counsel refused. Therefore, Petitioner's failure to raise the ineffective assistance of trial counsel claim means that the claim is not only unexhausted, but that it is also procedurally defaulted.

This does not end the Court's inquiry, however, because even though the claim is procedurally defaulted, the Court may nevertheless consider the claim "if the petitioner can show either cause and prejudice to excuse the default or actual innocence." Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001). "'Cause', under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him . . ." Coleman, 501 U.S. at 753. The only reasonable basis for cause Petitioner appears to argue is that his appeals attorney, against Petitioner's demand, refused to assert an ineffective assistance of trial counsel claim on his behalf in Petitioner's appeal to the Minnesota Court of Appeal.

However, Petitioner cannot rely on his appeals counsel's alleged failure to assert the claim as cause to excuse his procedural default because he has failed to raise an ineffective

5

assistance of appeals counsel claim in state court.  See Edwards v. Carpenter, 529 U.S. 446, 452 (2000) ("'[A] claim of ineffective assistance'. . . must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'") (quoting Murray v. Carrier, 477 U.S. 478, 489 (1986)); see also Wyldes v. Hundley, 69 F.3d 247, 253 (8th Cir. 1995) ("The Supreme Court has stated, and we, naturally, have insisted, that 'a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'") (citation omitted); Jones v. Minnesota, No. 05-2474 (DSD/AJB), 2006 WL 1891850, at *6 (D. Minn. Jul. 10, 2006) ("[I]n order to establish ineffective assistance of counsel as cause to excuse the procedure default of another habeas claim, the petitioner must satisfy the cause and prejudice standard with respect to the ineffective-assistance claim itself."); Pendleton v. Fabian, No. 09-733 (JNE/AJB), 2010 WL 145274, at *7 (D. Minn. Jan. 8, 2010), ("Ineffective assistance of counsel cannot serve as cause to excuse a procedural default, unless the ineffective assistance argument has been fairly presented to the state courts as an independent challenge to the validity of the conviction or sentence at issue.").  Petitioner has not presented anything to demonstrate that he raised an ineffective assistance of appeals counsel claim in state court.  Therefore, he may not rely on his appeals attorney's alleged refusal as a basis to establish cause for procedural default.[3]

Indeed, his appeals counsel's alleged refusal to raise ineffective assistance of trial counsel notwithstanding, the Minnesota Rules of Criminal Procedure specifically permitted Petitioner to

---

[3] Petitioner does not now appear to be raising an ineffective assistance of counsel claim against his appeal's counsel, but rather, only appears to argue that it is a basis to excuse his procedural default.  Even if he had made a claim for ineffective assistance of counsel against his appeal's counsel, however, it too would be procedurally defaulted, as it does not appear that such a claim was raised in the state court appellate proceedings.  See Vance v. King, No. 08-4756 (ADM/SRN), 2009 WL 294361, at *19 (D. Minn. Feb. 5, 2009) ("If Petitioner's claim as to the ineffective assistance of appellate counsel refers to actions other than those raised in his post-conviction appeal (i.e., that appellate counsel was ineffective for failing to raise on direct appeal a claim of ineffective assistance of trial counsel), then the claim is procedurally defaulted because it was not raised at the state court level.").

file a supplemental brief to the Minnesota Court of Appeals in which he could have raised the issue of ineffective assistance of trial counsel himself. See Minn. R. Crim. P. 28.02, subd. 5(17) ("The court must consider the brief filed by the State Public Defender's office on the defendant's behalf. A defendant, whether or not choosing to proceed pro se, may also file with the court a supplemental brief. The supplemental brief must be filed within 30 days after the State Public Defender's office files its initial brief."). And it appears, according to the Minnesota Court of Appeals opinion, that Petitioner in fact took advantage of the rule and filed not only one but two pro se supplemental briefs. State of Minnesota v. Peck, 2012 WL 1813286, at *6 (Minn. Ct. App. May 21, 2012) ("Appellant's pro se supplemental brief asserts facts . . . . The appellant's second pro se supplemental brief appears to argue that the district court erred by instructing the jury . . . ."). Thus, it does not appear that Petitioner has demonstrated that the reason why the claim was not raised in his appeal to the Minnesota Court of Appeals was truly external and could not be attributed to him. Because the Court finds that Petitioner has failed to establish cause, it need not consider whether he has suffered any actual prejudice. See Wyldes, 69 F.3d at 253-54.

Additionally, Petitioner cannot meet the "fundamental miscarriage of justice" exception because he failed to present any "reliable new evidence" providing clear and convincing proof that he is actually innocent. See Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005); Storey v. Roper, 603 F.3d 507, 524 (8th Cir. 2010).

### B. Petitioner's claim for insufficiency of the evidence

Respondent makes several arguments for why Petitioner's claim must fail.

First, Respondent appears to argue that Petitioner has not even asserted a claim for insufficiency of the evidence to support his convictions. (See Mem. of Law [Docket No. 9] at 1,

7

3) ("It **could** be argued that Petitioner is also claiming that there was insufficient evidence to convict him."); ("It is unclear whether Petitioners [sic] **presumed** claim of insufficient evidence is unexhausted or procedurally defaulted."). At least with regard to the burglary conviction, the Petition pretty clearly asserts a claim for insufficient evidence. (See Petition at 10) (asserting that "[t]he State did not prove that the Defendant entered the property and committed the burglary" and challenging the sufficiency and credibility of the evidence pertaining to his burglary conviction). Moreover, even if there were any uncertainty on whether Petitioner sought to assert a claim for insufficient evidence, the Court must lean toward the side of the Petitioner, as the Court is required to read pro se filings liberally. See Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993) ("Pleadings and other documents filed by pro se litigants should be treated with a degree of indulgence, in order to avoid a meritorious claim's being lost through inadvertence or misunderstanding"); Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (recognizing that the Court's duty to read pro se filings particularly applies to habeas petitions).

Second, Respondent argues that the claim for insufficient evidence is unexhausted or procedurally defaulted, which is necessarily predicated on a finding that it is unexhausted, because it was not raised to the Minnesota Court of Appeals.[4] As already explained, a Petitioner must have exhausted his state court remedies before presenting the claim in a federal habeas petition. However, the opinion of the Minnesota Court of Appeals specifically dealt with the sufficiency of the evidence for Petitioner's burglary and forgery convictions. See Peck, 2012 WL 1813286, at *3-6. Indeed, the basis upon which the Minnesota Court of Appeals reversed

---

[4] The Court notes that in his Petition, Petitioner also stated that the claims for insufficiency of the evidence with regard to the burglary and forgery convictions were unexhausted; however, upon a closer reading of the reasons for not presenting the claim, it is evident that Petitioner was still referring to his ineffective assistance of council claim. (See Petition at 12-14). Moreover, Petitioner stated that he raised the boot size claim to the Minnesota Court of Appeals. (See id. at 3).

8

Petitioner's convictions on counts 3 through 6 was for insufficiency of the evidence. Id. at 5-6. With regard to counts 2 and 9, which are the subject of the claim of insufficiency of the evidence raised in this Petition, the Minnesota Court of Appeals found there was sufficient evidence to support the convictions. Id. at 4-5. Additionally, according to the public court record, the Minnesota Supreme Court denied further review of Petitioner's claim on August 7, 2012.

Because Respondent's brief only provides a conclusory statement, the Court cannot determine on what basis Respondent believes the claim for insufficiency of the evidence remains unexhausted.[5] While the Court does not have copies of the state appeals record such as to determine if Petitioner specifically claimed in his state court appeal that there was insufficient evidence under federal law, or made any reference to a federal constitutional claim, the Eighth Circuit has previously explained that "[a]ny challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction." See Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). This principle has been followed by this Court on numerous occasions. See Jackson, 2010 WL 728162, at *4 (adopting the holding in Satter and explaining that "because it is necessarily a constitutional issue, an insufficiency of the

---

[5] Respondent's entire argument regarding the insufficiency of the evidence is a mere paragraph. The Court's prior Order, specifically instructed Respondent on what the Court expected as a response:

> If Respondent believes that this action must be summarily dismissed because Petitioner has not fairly presented some or all of his current claims for relief to the Minnesota state courts, then Respondent may raise that argument by filing a motion to dismiss, in lieu of a more complete answer addressing Petitioner's claims on the merits. If Respondent elects to file such a motion, Respondent must **fully** explain (a) which of Petitioner's claims have not been fairly presented to the state courts, and (b) whether there is any state court remedy still available for any claims that have not been fairly presented to the state courts.

(Order [Docket No. 4] at 2) (emphasis added).

Respondent acknowledged that Petitioner appeared to raise a claim for insufficiency of the evidence in his Petition to this Court but nevertheless limited its argument to a superfluous mention of a legal conclusion without explaining why it believed the claim was unexhausted. This has unnecessarily required the Court to speculate on Respondent's argument.

9

evidence claim is exhausted even absent a specific reference to a federal constitutional guarantee"); Pendleton, 2010 WL 145274, at *6 (same). Furthermore, the Eighth Circuit has previously explained that "[t]o satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding." Satter, 977 F.2d at 1262. Therefore, on the plain record before the Court, it appears that Petitioner's claims for insufficiency of the evidence for counts 2 and 9 were likely exhausted for purposes of this habeas petition, as they were presented to the Minnesota Court of Appeals in Petitioner's direct appeal.[6]

Having considered the threshold procedural issues, the Court now considers the insufficiency of the evidence claims on the merits.

"In assessing whether there is sufficient evidence to support [a Petitioner's state court conviction], 'the scope of our review is . . . extremely limited.'" Sera v. Norris, 400 F.3d 538, 543 (8th Cir. 2005) (quoting Whitehead v. Dormire, 340 F.3d 532, 536 (8th Cir. 2003)). The Court's role is to determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In making its analysis, the Court "must presume that the trier of fact resolved all

---

[6] It is also unclear whether Petitioner's petition to the Minnesota Supreme Court included an argument regarding sufficiency of the evidence because the petition to the Minnesota Supreme Court is not a part of the record before this Court. However, in his Petition, Petitioner states that he raised the same grounds in his petition to the Minnesota Supreme Court as he had raised to the Minnesota Court of Appeals. (See Petition at 3). In the interests of judicial economy, the Court will not require that the petition to the Minnesota Supreme Court be provided to the Court because the Court can resolve the Petition on the merits. See Raisch v. King, No. 10-1979 (PAM/JJK), 2011 WL 1261602, at *5 (D. Minn. Mar. 10, 2011) (explaining that "[a]lthough further support for the fulfillment of the fair-presentation requirement may be found by digging through the state-court filings to find whether there are other references to constitutional provisions or the citation to state-court decisions that are based on federal constitutional requirements," the Court did not need to do so because "judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated" (quoting Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999)).

conflicting inferences in the record in favor of the state, and [it] must defer to that resolution." Sexton v. Kemna, 278 F.3d 808, 814 (8th Cir. 2002) (internal quotation marks omitted); Sera, 400 F.3d at 543 (explaining that the "standard recognizes that it is the province of the fact-finder, not this court, 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"). It is not this Court's role to "reweigh the evidence." Hill v. Norris, 96 F.3d 1085, 1088 (8th Cir. 1996). "To the contrary, [this Court] must accord 'great deference' where a state appellate court has found the evidence supporting the conviction constitutionally sufficient . . . ." Id. "[T]his Court presumes the findings of fact made by the Minnesota courts are correct unless Petitioner rebuts the presumption by clear and convincing evidence." Raisch v. King, No. 10-1979 (PAM/JJK), 2011 WL 1261602, at *5 (D. Minn. Mar. 10, 2011); 28 U.S.C. § 2254(e)(1) (stating that "[t]he applicant [has] the burden of rebutting the presumption of correctness by clear and convincing evidence").

### 1) Petitioner's conviction for burglary

The Minnesota burglary statute under which Petitioner was convicted provides that a person commits a third-degree burglary when he "enters a building without consent and with intent to steal or commit any felony or gross misdemeanor while in the building, or enters a building without consent and steals or commits a felony or gross misdemeanor while in the building, either directly or as an accomplice . . . ." Minn. Stat. § 609.582, subd. 3 (2008).

After explaining the standard of review for an insufficiency of the evidence claim, the Minnesota Court of Appeals concluded that Petitioner's burglary conviction is supported by sufficient evidence. Peck, 2012 WL 1813286, at *4-5. In particular, the court found that the following circumstances supported a reasonable inference that Petitioner participated in the burglary:

11

> At trial, the state offered evidence that would prove that the appellant was evicted from Peck's Puddle and that following the eviction, appellant unsuccessfully brought a court action seeking a declaration that he owned and was entitled to possession of the items that were removed from the pole barn. On the day the burglary was discovered, police located a boot print in the pole barn that had not been there a week earlier when the caretaker had raked out the pole barn, at which point the items were still in the pole barn. The boot print exactly matched the size, tread, and wear of a boot the police found in appellant's home and which appellant had admitted to wearing in the woods. The state also proved that, shortly after the burglary, appellant brought the items that had been taken from the pole barn to a friend's home, where the police found the items.

Id. at *4.

Furthermore, the court rejected the Petitioner's argument that "the circumstances [were] also consistent with the theory that someone else acted without [Petitioner's] participation" and concluded that "[t]here [were] no reasonable alternative inferences that are inconsistent with [Petitioner] having participated in the burglary." Id. at *5.

In his Petition, Petitioner does not argue that the Minnesota Court of Appeals misapplied or misstated the standard of review in considering Petitioner's insufficiency of the evidence claim; nor does Petitioner argue that the Minnesota Court of Appeals misunderstood or misstated the facts or evidence presented at the trial court. Rather, as bare assertions and without any evidentiary support from the trial record, Petitioner claims that the police officer who testified during Petitioner's trial may have carried some animosity toward petitioner and that the boots found in Petitioner's home, which matched the footprint at the scene of the crime, actually belonged to Petitioner's son. Petitioner's conclusory statements fail to even explain if these facts are based on evidence from the trial record upon which this Court could find that the Minnesota Court of Appeal's application of the facts was unreasonable. Even if the Court were to assume that these allegations were in the trial record, however, they fail to show that the Minnesota Court of Appeal's determination of the facts was unreasonable.

12

At best, the unsupported facts upon which Petitioner relies here are matters that relate to the credibility of the police officer and the weight of circumstantial evidence—both of which are the province of the jury and not this Court to decide. See Sullivan v. State of Minnesota, 818 F.2d 664, 666 (8th Cir. 1987) ("Credibility determinations are uniquely within the province of the trier of fact, and 'are entitled to special deference.'" (quoting United States v. Manning, 787 F.2d 431, 435 (8th Cir. 1986)); Hill, 96 F.3d at 1088-89 (explaining that it is not this Court's role to reweigh evidence and that the Eighth Circuit has on numerous instances affirmed "a host of convictions based on circumstantial evidence . . . despite the recognition of 'alternate possibilities'"); Sera, 400 F.3d at 543 (explaining that "it is the province of the fact-finder, not this court, 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"); Pendleton, 2010 WL 145274, at *9 ("[Petitioner] is only emphasizing some evidence over other evidence, rather than showing that there is insufficient evidence to support his convictions. Yet, it is in the purview of a jury, and not the [P]etitioner, to decide the importance of certain evidence."). Moreover, Petitioner's unsupported claim in this Petition that the incriminating boots found in his closet did not actually belong to him because they were one and a half size too big is specifically undermined by the fact, as explained by the Minnesota Court of Appeals, that when the police officer discovered the boots in Petitioner's closet, Petitioner "warned the officer to be careful handling the boot, because [Petitioner] had worn the boot in the woods and it could have poison ivy on it." Peck, 2012 WL 1813286, at *2.

Therefore, the Court finds that "Petitioner has failed to explain how the State Court's disposition of his insufficiency of the evidence claim is contrary to, or involved an objectively unreasonable application of, any United States Supreme Court precedent" or how "the State

13

Court's resolution of his claim reflects an unreasonable interpretation of the evidence." See Boswell v. Symmes, No. 08-1103 (RHK/FLN), 2009 WL 725931, at *5 (D. Minn. Mar. 17, 2009) (concluding that the petitioner's pro se habeas petition failed to demonstrate that he was entitled to relief on his insufficiency of the evidence claim); Raisch, 2011 WL 1261602, at *5-6.

### 2) Petitioner's conviction for forgery

The Minnesota forgery statute under which Petitioner was convicted provides that a person is guilty of an aggravated forgery if he, "with intent to defraud, utters or possesses with intent to utter any forged writing" by which, "when genuine, legal rights, privileges, or obligations are created, terminated, transferred, or evidenced . . . ." Minn. Stat. § 609.625, subds. 1(1), 3 (2008); Peck, 2012 WL 1813286, at *5.

In finding that Petitioner's forgery conviction regarding the pickup truck title was supported by the evidence presented at trial, the court relied on the following:

> With respect to the pickup truck, the state proved at trial that a title transfer document was presented at the Pine River Deputy Registrar's Office, that the document contained a signature purporting to be that of appellant's son, but the signature was not in fact the son's signature. The circumstances also demonstrated that the title was transferred into appellant's name and that appellant had possession and use of the pickup truck at the time the transfer occurred and thereafter. Appellant had been using the pickup truck with the consent of his son, who was the lawful owner of it. There were no circumstances suggested by the evidence indicating that anyone other than appellant and his son had any claim of an ownership or possessory interest in the pickup truck.

Peck, 2012 WL 1813286, at *5.

Respondent argues that conviction for forgery is not supported by sufficient evidence because there were some "facts not brought up by the Defendant's [attorney]." (Petition at 15). Even reading the Petition liberally, the claim appears to again be raising an ineffective assistance of counsel claim for not introducing evidence at trial, rather than asserting an insufficiency of the

evidence claim. At best, reading the Petition as liberally as possible, Petitioner seems to suggest that there was evidence available to suggest Defendant's daughter transferred the pickup truck, without Defendant's knowledge. As in the insufficiency claim for the burglary conviction, Petitioner has not here provided or pointed to any evidence in the record upon which this Court could find that the Minnesota Court of Appeal's application of the facts was unreasonable. Therefore, the Court finds that Petitioner's claim for insufficiency of evidence to support his forgery conviction similarly fails.

### III. CERTIFICATE OF APPEALABILITY

A state prisoner cannot appeal an adverse ruling on a federal habeas corpus petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000). In this case, the Court finds that it is unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] be **DENIED**;

2. This action be **DISMISSED WITH PREJUDICE**;

3. Petitioner should **NOT** be granted a **Certificate of Appealability**; and

4. Judgment be entered accordingly.


Dated: May 29, 2013                                       s/Leo I. Brisbois
                                                          LEO I. BRISBOIS
                                                          United States Magistrate Judge


**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by June 12, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.